RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08 / 10 / 05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WYNDON | CIVIL ACTION NO. 04-2185 |
| VERSUS | SECTION "P" |
| ROBERT TAPIA | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## I. STATEMENT OF CLAIM

Before the court is a civil rights action filed by pro se plaintiff, **DAVID WYNDON**, ("Plaintiff"). Plaintiff is currently confined at the Federal Prison Camp ("FPC") in Pollock, Louisiana. He was granted permission to proceed *in forma pauperis* on November 30, 2004. [Rec. Doc. 5] Plaintiff names as defendant Warden Robert Tapia.

Plaintiff asserts that he was wrongfully convicted in a prison disciplinary procedure of maintaining a business in prison. [Rec. Doc. 1, p. 3]. He also asserts that he was the victim of retaliation for pursuing administrative remedies. [Id. at 5]. He seeks to challenge his disciplinary conviction. He brings this complaint under the Administrative Procedures Act

("A.P.A.") alleging that the warden failed to comply with the notice and comment requirements of the A.P.A. in his alleged "amendment" of Program Statement 5270.07.

Plaintiff requests the following relief: 1) that the defendants have amended P/S 5270.07 to permit the use of the P/S by the staff to take reprisals against the Plaintiff for exercising their right to pursue the administrative remedy process; 2) to make a finding that the prohibited act (petitioner's conviction) is over broad, vague, arbitrary, and capricious as amended; 3) that the court order Plaintiff's disciplinary conviction be vacated and his record from the discipline conviction expunged; and 4) that the court make finding that defendant violated 28 C.F.R. 40.9 by the reprisals taken against Plaintiff that resulted in the disciplinary conviction. [Rec. Doc. 1, p.5].

## II. SCREENING

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate

the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly

3

baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

### III. ADMINISTRATIVE PROCEDURES ACT

Jurisdiction to review this claim lies in 28 U.S.C. §1331, general federal question jurisdiction, as well as the Administrative Procedures Act ("A.P.A.") which gives the court power to review agency action that is arbitrary, capricious, otherwise not in accordance with law, or in excess of statutory jurisdiction or authority. See Cousins v. Secretary of the United States Department of Transportation, 880 F.2d 603, 608 (1st Cir. 1989). When agency action extends beyond the purvue of its delegated authority, or is arbitrary or capricious, the court must invalidate the agency action. Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005).

Program Statements are not subject to the "notice and comment" requirements of the APA. See Royal v. Tombone, 141, F.3d 596, 600 (5th Cir. 1998). Less formally produced regulations such as program statements are internal agency guidelines, akin to interpretative rules that do not mandate notice and comment adherence. Id. at 600.; See also 5 U.S.C. §§ 553 (b)(A), (notice requirement does not apply "to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice");see also Reno v. Koray, 515 U.S. 50, 61 (1995)(Interpretations of BOP promulgated rules are not subject to the "notice and comment" requirements.) Program statements are promulgated internally and may be altered at will by the BOP. Jacks v. Crabtree, 114 F.3d 983, 985 (9th Cir. 1997). The Supreme Court has upheld the validity of interpretive rules. Shalala v. Guerney Memorial Hospital, 115 S.Ct. 1232, 1237 (1995) Bailey v. Sullivan 885 F.2d 52, 62 (3rd Cir. 1989).

Plaintiff asserts that the Defendant has "amended BOP program statement 5265.10 and 5800.10 which amendment was arbitrary and capricious and failed to comply with the APA's 'notice and comment' procedures". [Doc. 1, p.2] This assertion has no merit. Plaintiff asserts that Program statement is "over broad, vague, arbitrary, and capricious as amended" by the BOP. [Doc. 1, p. 5]. Plaintiff was convicted of operating a prison business. The Program Statement prohibits operating a business

in prison. Petitioner asserts that the Warden failed to provide notice and comment as required by the Administrative Procedure Act (A.P.A.) when the Program Statement was updated. The Program Statement is not subject to notice and comment requirements. Even if the A.P.A. applied to the Program Statement, (it does not), Plaintiff has not stated a case that Program Statement is vague, arbitrary, or capricious. Plaintiff disagrees with the enforcement of prison rules, and fundamentally argues the facts of whether he was operating a business from prison.[1] Because Plaintiff's allegations lack any arguable legal merit, this claim should be dismissed as frivolous.

## IV. RETALIATION FOR ACCESS TO COURTS

Additionally, Plaintiff alleges the defendant retaliated against Plaintiff for filing administrative grievances concerning the above disciplinary matter. [Rec. Doc. 1, p.4]. To state a claim for retaliation under §§ 1983, a prisoner must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; i.e., but for the retaliatory motive, the complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th

---

[1] According to prison responses to Plaintiff's administrative remedies, he wrote a letter to "Sport truck/ SUV" in Atlanta, Georgia. Plaintiff gave a name and return address of "David Lee Wyndon, III" and the letter included in part the statement " My clientele is rather large and I am very excited to do business with you." [Doc. 1, p. 8]

Cir.1997). The prisoner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred." ' Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed .2d 72 (1977). This right "is founded on the due process clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts also is recognized as one aspect of the First Amendment right to petition the government for grievances. See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S .Ct. 609, 611, 30 L.Ed.2d 642 (1972); Taylor v. Sterrett, 532 F.2d 462, 470-72 (5th Cir.1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. See Wolff, 94 S.Ct. at 2984; Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir.1993), cert. denied, 114 S.Ct. 1081 (1994). See also Jones v. Greninger, 188

F.3d 322, 325 (5th Cir.1999) (access to court for prisoners "encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement"). An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996). This right is protected, however, only if the underlying claim is not frivolous. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")

Plaintiff claims his pursuit of administrative grievances in the prison business matter is the reason for the charging of the rules violation in this case. [Doc. 1, p. 4]. Because Plaintiff's underlying claim is access to courts through interference with administrative remedies, he must prove demonstrate he was pursuing non-frivolous litigation. Plaintiff has failed to satisfy even one prong of the test for retaliation because he has not articulated: (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; or (4) causation.

Plaintiff has failed to allege any more than a personal belief and conclusory allegations that he was the victim of

retaliation. Additionally, he has failed to allege a violation of the constitution in that his underlying A.P.A. claim is frivolous, and he therefore, cannot state an access to courts claim. Plaintiff's retaliation claim should be dismissed as frivolous.

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of __August__, 2005.

                                              JAMES D. KIRK
                                              UNITED STATES MAGISTRATE JUDGE