U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 3 2006

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WYNDON,<br>      Plaintiff<br><br>VERSUS<br><br>WARDEN ROBERT TAPIA, et al.,<br>      Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-2185-A<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 533, 702 and 706, on October 21, 2004, by plaintiff David Wyndon ("Wyndon"). The named defendants are Robert Tapia ("Tapia"), then warden of the Federal Prison Camp ("FPC") and the United States Penitentiary ("USP") in Pollock, Louisiana, and the Bureau of Prisons ("BOP"). Wyndon states that Tapia is sued in his official capacity only. Wyndon alleges in his complaint that, while he was housed in the Federal Prison Camp in Oakdale, Louisiana on March 22, 2004, Officer R. Gillette issued an incident report which stated Wyndon had conducted a business while incarcerated; Wyndon was placed in isolation in administrative detention. Wyndon contends defendants amended Program Statement 5270.07, either actually or de facto, in order to create a violation with which he could be charged. Wyndon asks only for

declaratory and injunctive relief, asking this court to find defendants amended the program statement, find the amended program statement is void, expunge the incident report from Wyndon's record, and find defendants created the offense in retaliation for Wyndon having exercised his right to pursue an administrative remedy in an unrelated matter. Wyndon alleges he has exhausted his administrative remedies.

The undersigned recommended dismissal of Wyndon's complaint as frivolous pursuant to 42 U.S.C. § 1915 (Doc. Item 7). Wyndon objected to the Report and Recommendation, alleging the BOP violated the Administrative Procedure Act by amending P.S. 5270.07, Code 408 without following the required notice and comment procedures. Those objections were referred to the undersigned for supplemental report and recommendation.

## Law and Analysis

Wyndon complains that BOP officials at the Oakdale facility applied Program Statement 5270.07, Code 408, which prohibits inmates from "conducting a business," in an over-broad manner, thereby effectively amending the program statement to create the offense for which Wyndon was found guilty in a prison disciplinary proceeding. Wyndon appears to have named Warden Tapia as a defendant because he denied Wyndon's ARP, which was filed while Wyndon was incarcerated in the Pollock facility, and refused to expunge the offense from Wyndon's record.

Wyndon contends that, although he owns a business, he has not been taking part in the "running or operation" of that business. In a June 4, 2004 response to Wyndon's first step ARP, Warden Tapia noted that Wyndon's return address on his letter to a business client was "David Lee Wyndon III, Max Power Auto Sales," and that he had stated in the letter, "My clientele is rather large and I am very excited to do business with you" (Doc. Item 1, Ex.). In his ARP appeals (Doc. Item 1, Exs.), Wyndon admits that he wrote a letter to a business owner in the community, identifying himself as a current business owner, concerning a company he has owned for many years and for which he has an "interest in maintaining good relations with potential or actual clients of my business." Wyndon defines "conducting a business" as "to direct or take part in the management of" the business, and argues that contacting an existing or potential business client does not fit within that definition.

It is clear that Wyndon was, in fact, attempting to conduct business from the prison. Contrary to Wyndon's assertion, "conducting a business" includes developing clientele for the business. Since, Wyndon contacted this "potential or actual client" by identifying himself as a business owner, he was clearly attempting to conduct business; Wyndon was not merely making a social contact. Therefore, Wyndon violated the prison regulation, PS 5270.07, Code 408, which prohibits inmates from conducting a business.

Wyndon also contends the BOP amended PS 5270.07, either actually or de facto, without complying with the "notice and comment requirement of the APA. Program statements are internal BOP agency guidelines. Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000). BOP's internal agency guidelines are akin to "interpretive rules" that "do not require notice and comment." Royal v. Tombone, 141 F.3d 596, 600 (5th Cir. 1998), citing Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027 (1995). Also, Phillips v. Hawk, 1999 WL 325487, *1 (D.C.Cir. 1999), citing Jacks v. Crabtree, 114 F.3d 983, 985 n. 1 (9th Cir. 1997), cert. denied, 523 U.S. 1009, 118 S.Ct. 1196 (1998); Pelissero v. Thompson, 170 F.3d 442 (4th Cir. 1999), citing Parsons v. Pitzer, 149 F.3d 734 (7th Cir. 1998). In any event, Code 408 does not appear to have been amended since at least 1988; there is no "change notice" for Code 408 attached to PS 5270.07.[1] In fact, in the 1974 case of Procunier v. Martinez, 416 U.S. 396, 414 n.14, 94 S.Ct. 1800, 1812 n.14 (1974), the Supreme Court cited approvingly a Federal Bureau of Prisons Policy Statement that contained a prohibition against inmates conducting businesses. In French v. Butterworth, 614 F.2d 23, 24-25 (1st Cir.), cert. den., 446 U.S. 942, 100 S.Ct. 2167 (1980), the court discussed the fact that a prisoner has no recognized right to conduct a business while incarcerated, citing

---

[1] See PS 5270.07, "Inmate Discipline and Special Housing Units" at www.bop.gov.

4

Garland v. Polley, 594 F.2d 1220, 1221-22 (8th Cir. 1979). See also, King v. Federal Bureau of Prisons, 415 F.3d 634, 636 (7th Cir. 2005). Therefore, this is not a new rule in BOP facilities, and Wyndon's contention that the rule was amended to include developing clientele (in order retaliate against Wyndon) is ludicrous. Clearly, holding oneself out as a business owner and contacting clients for that business is part of "conducting a business" under any logical, commonsense construction.

Finally, it is noted that Chapter 2 of PS 5270.07 provides for written notice to every inmate, promptly after arrival at a BOP facility, of the rules governing inmates, and of their rights and responsibilities.

Therefore, Wyndon's allegations that he was charged with a newly created offense of which he had no prior notice, and that the BOP violated the APA requirements of notice and comment when it amended the program statement to create the offense, are meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Wyndon's complaint be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE